**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 20-2946

UNITED STATES OF AMERICA

v.

RUSSELL FREED,

Appellant

Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2-11-cr-00132-001)
District Judge: Honorable J. Nicholas Ranjan

Submitted under Third Circuit L.A.R. 34.1(a)
on March 12, 2021

Before: SMITH, Chief Judge, McKEE, and AMBRO, Circuit Judges

(Opinion filed: March 17, 2021)

OPINION[*]

AMBRO, Circuit Judge,

Appellant Russell Freed seeks our review of the District Court's denial of his motion for compassionate release. For the reasons stated below, we affirm the District Court's decision.

**I.**

In 2010, Freed found explicit pictures of his stepdaughter and her friends on his stepdaughter's cell phone. *United States v. Freed*, 566 F. App'x 162, 163 (3d Cir. 2014). Armed with those images, he created a fake Facebook account and email address in his stepdaughter's name and used them to convince his stepdaughter's friends to send him more sexually explicit images. He also used other fake email addresses and a prepaid cell phone to pose as one of the girls' peers and obtain more explicit images. After a girl sent him pictures, Freed would threaten to publish the images he had unless the girl sent him more pictures. At least one of the girls refused his demands, and he retaliated by sending explicit pictures of her to her family and classmates.

Freed also anonymously extorted explicit pictures from his stepdaughter, with whom he had lived for over ten years. His stepdaughter, who apparently had no idea he was behind the scheme, confided in him that she was contemplating suicide because of the

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

threats. Freed advised her to comply with the person's demands and continued to extort her for more images.

In May 2011, law enforcement conducted a planned traffic stop of Freed's vehicle and found about 700 sexually explicit images on his prepaid phone. A federal grand jury later indicted Freed on seven child-pornography-related counts: two counts of production, two counts of attempted production, two counts of distribution and receipt, and one count of possession. Freed pled guilty to all seven counts. His advisory Guidelines range was life imprisonment with a fifteen-year mandatory minimum. The District Court ultimately sentenced Freed to twenty years' imprisonment. He appealed his sentence, arguing that it was procedurally and substantively unreasonable, but we affirmed the District Court.

Freed later moved for compassionate release in response to the COVID-19 pandemic. He argued he was at higher risk of serious disease because he has high blood pressure, high cholesterol, and celiac disease.[1] *United States v. Freed*, No. 2:11-cr-00132-NR, 2020 WL 5604057, at * 6 (W.D. Pa. Sept. 18, 2020). The District Court denied Freed's motion. The Court held that Freed had not established "extraordinary and compelling circumstances," in part because he could not demonstrate "an actual, non-speculative, and non-generalized risk of exposure to COVID-19" at FCI Fort Dix, where he is serving his sentence. *Id.* At that time, there were no COVID cases at Fort Dix. *Id.* The Court alternatively held that even if Freed had established extraordinary and compelling

---

[1] In addition, Freed is fifty-two years old, has had cysts on his thyroid surgically removed, and does not have a spleen because he previously suffered from Hodgkin's disease.

circumstances, the sentencing factors in 18 U.S.C. § 3553(a) still weighed heavily against his release. *Id.* at *6–*8. Freed now appeals to us.[2]

## II.

18 U.S.C. § 3582(c)(1) provides that a court "may reduce" a defendant's term of imprisonment if, among other things, "extraordinary and compelling reasons" justify the reduction in light of the § 3553(a) sentencing factors. Here, even assuming Freed has demonstrated extraordinary and compelling reasons for modification, the § 3553(a) sentencing factors weigh heavily against a reduction in his sentence. We therefore affirm the District Court.

### A.     Extraordinary and Compelling Circumstances

At the outset, Freed argues that the District Court erred in concluding that he did not show extraordinary and compelling reasons for a sentence reduction. Freed also argues that Fort Dix has experienced a COVID outbreak in the months since the District Court's decision, and thus he has a non-speculative risk of exposure to the disease.[3] In light of Freed's various physical ailments and the COVID outbreak at his facility, we assume for the sake of argument that Freed has shown extraordinary and compelling circumstances.

---

[2] We have subject-matter jurisdiction under 18 U.S.C. § 3231 and appellate jurisdiction under 28 U.S.C. § 1291.

[3] And indeed, while this appeal was pending, Freed informed us that he contracted COVID. While we are sympathetic to Freed's situation, this fact does not change our analysis. Even with the assumption—which has now become reality—that Freed could contract COVID, the § 3553(a) sentencing factors counsel strongly against his release.

**B.      Section 3553(a) Sentencing Factors**

The § 3553(a) factors, however, weigh heavily against release and provide an independent ground for affirmance.[4]   We review the District Court's determination concerning the § 3553(a) factors for abuse of discretion.  *United States v. Pawlowski*, 967 F.3d 327, 330 (3d Cir. 2020).

We cannot conclude that the District Court abused its discretion, as we fully agree with its thorough and thoughtful analysis.  It held that the § 3553(a) factors weighed against release in light of "the nature and circumstances of the offenses[] and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of Mr. Freed."  *Freed*, 2020 WL 5604057, at * 7.  The Court emphasized that Freed's offenses were "serious" and "severe," particularly because they involved minor victims and drove Freed's own stepdaughter to contemplate suicide.  *Id.* Freed did not stop even when he knew how his crimes were affecting his stepdaughter.  *Id.* The Court also noted that Freed committed his offenses while "sitting in his car and in his home," and if released, he could commit similar crimes "without ever walking out the front

---

[4] The sentencing factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, (b) to afford adequate deterrence to criminal conduct, (c) to protect the public from further crimes of the defendant, and (d) to provide the defendant with needed training, care, or treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the category of offense in the Sentencing Guidelines; (5) any pertinent policy statement by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.  *See* 18 U.S.C. § 3553(a).

door." *Id.* at *8. We reiterate the Court's conclusion that Freed's sentence should continue to reflect the egregiousness of his crimes.

We also agree with the District Court that the nature of Freed's sentence weighs against reduction. The Guidelines advised life imprisonment for Freed's crimes, yet his sentence was much less—five years more than the mandatory minimum. *Id.* And Freed has served just eight years of his twenty-year sentence. *Id.; see also Pawlowski*, 967 F.3d at 330–31 (explaining that time remaining to be served may be taken into account in considering whether to grant compassionate release). We therefore join the District Court in concluding that the "confluence of sentencing factors" in this particular case counsels against reduction. *See id.* at *8 n.5.

\* \* \* \* \*

For the reasons above, we affirm the judgment of the District Court.